(No. 6165—

GLENN D. SQUIRES, Claimant *v.* STATE OF ILLINOIS, ILLINOIS YOUTH COMMISSION, Respondent.

*Order filed April 18, 1978.*

HOLDERMAN, J.

Claimant filed a claim against the State of Illinois for damages sustained to his automobile in an accident

with another vehicle driven by an escapee from the New Salem Juvenile Camp. Rex McGuire was a juvenile inmate at the New Salem Camp operated by the Illinois Department of Corrections.

On August 25, 1970, which was the day the accident occurred, Rex McGuire was on a work detail with two other boys and under the supervision of Mr. Smith, an employee and supervisor of boys at the New Salem Camp.

Rex McGuire was riding in the back of a truck when he jumped off and escaped and later stole the car which he was driving when it ran into the car of Claimant.

Mr. Smith promptly notified the camp of the disappearance of Rex McGuire, who in turn notified law enforcement officials of the escape. Mr. Smith had been a supervisor at the camp for ten years and up to this time had not lost an inmate. Mr. Smith's supervisor indicated he was very security conscious and at the hearing Mr. Smith stated that he had no trouble with Rex McGuire until the time of the escape.

In the case of *American States Insurance Company v. State, 22 Ill. Ct. Cl. 47, 50,* this Court stated that "each of these escape cases rests upon their own peculiar set of facts and circumstances." Furthermore, the Court stated that it was not the occurrence of the escape which was to be controlling, but rather what condition existed prior to the escape.

There is no evidence in the record to indicate that the escapee was troublesome or likely to escape.

A certain amount of discretion should rest with the officials in charge of such an institution in pursuing a rehabilitation program, but it is not a defense to rely

solely on the contention of rehabilitation without establishing what Respondent did in exercising a reasonable restraint of such a person. *United States Fidelity and Guarantee Company v. State of Illinois, 23 Ill.Ct.Cl. 188, 191.*

In *Elgin Salvage and Supply Company, Inc. v. State of Illinois, 26 Ill.Ct.Cl. 278,* where recovery was allowed, the Court stated:

· "It is the opinion of the Court that the evidence offered by Claimant is sufficient to establish a prima facie case of negligence on the part of the Respondent." Berdine, in view of his past record should have been kept under greater surveillance than the ordinary inmate. The evidence does not indicate that Respondent took any special steps to prevent this escape, even though the record indicated prior escapes. Respondent offered no testimony on the point. The facts pertaining to the surveillance and escape of the inmate were in the exclusive control of the Respondent and lead, the implication that said evidence would have been presented had the same been favorable to the Respondent."

In this case, the Respondent did introduce testimony regarding the degree of supervision over Rex McGuire. Rex McGuire had only been in the Camp for approximately one week, so he was placed in the hands of the most security conscious supervisor, Mr. Smith. Rex McGuire escaped from the custody of Mr. Smith in a most unexpected and unpredictable manner.

If minimum security institutions, like New Salem, are to function properly, then cannot be held strictly liable for the escape of any inmate at any time under any conditions. In this case, the State did not provide adequate supervision over inmate Rex McGuire.

The record does not disclose that the State was negligent in their supervision of Rex McGuire, therefore, this claim is denied.